Case 4:23-cv-02513   Document 14   Filed on 09/07/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAVERICK FIELD SERVICES, | § | |
| Plaintiff, | § | |
| v. | § | |
| EMAXX INSURANCE SERVICES, LLC, *et al.*, | § | CIVIL CASE NO. H-23-2513 |
| Defendants. | § | |

## ORDER DENYING REMAND

Maverick Field Services sued eMAXX Insurance Services, LLC, eCAPTIV, LLC, Steven R. Miller, eCAPTIV PC1-IC, Inc., and Chris Batten Insurance, Inc. in state court, asserting breach of contract. Maverick alleges that Miller made misrepresentations to induce Maverick to purchase a "captive" insurance policy[1] with eCAPTIV, a program sponsored by eMAXX. (Docket Entry No. 1-2 at 13). When Maverick attempted to recover its funds under the policy, as Miller had represented was possible, eCAPTIV informed Maverick that it did not have Maverick's funds. eMAXX filed a notice of removal on the basis that CBI, the sole nondiverse defendant, was improperly joined. (Docket Entry No. 1).

Maverick moves to remand to state court on the grounds that the nondiverse defendant, CBI, is properly joined, and that eMAXX failed to establish diverse citizenship at the time of removal. The court finds that the record supports federal-removal jurisdiction and denies the motion to remand. The reasons are set out below.

---

[1] Under a standard insurance policy, holders pay insurance carriers to carry the full risk of loss. Captive insurance policies allow policy holders to share in the risk of loss in exchange for a share of underwriting profits and investment income from the policy premiums.

I.  **Standard for Removal**

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).  "Improper joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021).  The Fifth Circuit has held that:

> [i]mproper joinder occurs when a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant" or "no reasonable basis for [predicting recovery] against an in-state defendant." To determine if there was improper joinder, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."

*Id.* at 1046 (footnotes and citations omitted).

II.  **Analysis**

Maverick moves for remand on the basis that its joinder of the sole nondiverse defendant, CBI was proper.  In its first amended petition in state court, Maverick joined CBI, a Texas citizen. (Docket Entry No. 1-2 at 11).  In support of removal, eMAXX argues that CBI was "improperly

2

joined . . . solely for the purpose of defeating diversity jurisdiction." (Docket Entry No. 1 at 2). Maverick's state court petitions plead no facts about CBI. There are no allegations about CBI's relationship with the other defendants or with Maverick, or any claims about CBI's role in the facts giving rise to the action. (Docket Entry No. 1-2). In its motion for remand, Maverick claims that naming CBI as a defendant is "not a fraudulent joinder," and that eMAXX must prove "there is no . . . liability between CBI and eMaxx . . . and that CBI has no real connection to the claim against eMAXX." (Docket Entry No. 5 at 4).

The Fifth Circuit's precedent clearly establishes that "[i]mproper joinder occurs when a plaintiff is unable to establish a cause of action against the non-diverse party in state court." *Ticer*, 20 F.4th at 1046 (internal quotations omitted). The complaint does not provide facts alleging how CBI contributed to the breach of contract, and contains no allegations, specific or otherwise as to CBI's liability. In fact, the complaint contains no allegations about CBI apart from naming it as a defendant. Maverick has failed to state a claim against CBI. Because the court must determine federal jurisdiction based on the operative complaint at the time of removal, and the court has found that it contains no relevant allegations against CBI, it is improperly joined.

Maverick does not contest that the non-CBI defendants are completely diverse from Maverick. The motion to remand is based on the argument that neither the state court pleadings nor the notice of removal alleged the citizenship of the parties, because neither pleading established that the members of the LLCs eMAXX and eCAPTIV were diverse from Maverick. (Docket Entry No. 5 at 4). In response, eMAXX argues that it remedied this defect with a timely amendment of the notice of removal. (Docket Entry No. 11 at 5). The amended notice of removal contains affidavits regarding the membership of the defendant LLCs and pleads complete diversity between the properly joined parties. (Docket Entry No. 10). Maverick argues that this amendment is not

proper because the jurisdictional defect cannot be cured by adding facts to amend the notice of removal.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended" in the trial court. *See D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 147 (5th Cir. 1979). Even if an initial notice of removal "did not initially allege diversity of citizenship[,]" amendment to cure this deficiency may be allowed where "there is evidence of diversity in the record." *Perret v. Handshoe*, 708 F. App'x 187, 189 n.9 (5th Cir. 2018). In determining whether there is evidence of diversity, courts may look to "statements about the citizenship, place of incorporation, or principal place of business[.]" *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001).

eMAXX's initial notice of removal alleged a principal place of business and state of citizenship for each non-CBI defendant. (Docket Entry No. 1 at 3). Although these statements were insufficient to establish diversity because they did not provide information about the membership of the LLCs, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008), they were evidence of diversity. Amendment of the notice of removal was therefore proper, and the amended notice of removal establishes grounds for federal diversity jurisdiction. (Docket Entry No. 10 at 3).

### III.   Conclusion

The court denies the motion to remand.  (Docket Entry No. 5).

SIGNED on September 7, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge