United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAVERICK FIELD SERVICES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-2513 |
| EMAXX INSURANCE SERVICES, LLC, *et al.*, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

This court denied Maverick Field Services, LLC's motion to remand on September 7, 2023, on the basis that the nondiverse defendant was improperly joined and that defendants had established diversity jurisdiction. (Docket Entry No. 14). The next day, Maverick filed a motion for an interlocutory appeal under § 1292(b), arguing that the court used the incorrect standard to determine improper joinder and to allow defendants to establish diversity. (Docket Entry No. 15). Based on the pleadings, the record, the motion, and the applicable law, the court denies Maverick's motion to certify an interlocutory appeal. The reasons are explained below.

**I. The Legal Standard**

Under 28 U.S.C. § 1292(b), a district court may issue a certification for an interlocutory appeal when "there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark–Dietz & Assocs. v.*

*Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.* "[T]here must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). "The threshold for establishing a substantial ground for difference of opinion is higher than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013) (internal quotation omitted). A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Ryan*, 444 F. Supp. 2d at 723 (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Unless all the statutory criteria are satisfied, "the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Ahrenholz,* 219 F.3d at 676.

## II. Analysis

Maverick seeks an interlocutory appeal of the court's holding that the nondiverse defendant was improperly joined, and of the court's decision that defendants' amended notice of removal was sufficient to establish diversity. Neither issue meets the § 1292(b) requirements.

### A. Improper Joinder

Maverick argues that the court incorrectly "utilize[ed] FRCP 12(b)(6) standard rather than Texas' notice standard" in determining whether joinder was improper. (Docket Entry No. 15 at 8). In support, it claims that "the Fifth Circuit has issued two subsequent unpublished opinions holding that Texas' notice pleading standard—not the more particularized 'plausible claim' standard articulated in cases analyzing Rule 12(b)(6)—is the appropriate standard of review for evaluating whether a plaintiff has fairly stated potentially viable claims against an in-state defendant." (*Id.* at 5) (emphasis omitted). Maverick relies on the cases *Michels v. Safeco Ins. Co. of Ind.*, 544 F. App'x 535, 538 (5th Cir. 2013) and *Akerblom v. Ezra Holdings, Ltd.*, 509 F. App'x 340, 344, 346

(5th Cir. 2013). (*Id*.). Maverick argues that under this notice pleading standard, it has sufficiently plead a claim against the nondiverse defendant.

Maverick's arguments fail because the case law they point to has since been abrogated by the Fifth Circuit. Both *Michels* and *Akerblom* were abrogated by *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016), which held that "[a] federal court must apply the federal pleading standard" in determining whether joinder of a nondiverse defendant is improper and instructed courts to engage in a 12(b)(6) analysis. *Id.* at 207–08. The Fifth Circuit's precedent is clear and confirms that this court used the proper test in determining that the nondiverse defendant was improperly joined. (Docket Entry No. 14 at 2–3). There is no difference of opinion on the controlling law, and therefore no basis for certifying this issue for interlocutory appeal.

B.  Amendment of Notice of Removal

Maverick argues that because "there was no evidence of the diversity of the LLCs at the time of the removal, like *Howery*, this case should be dismissed." (Docket Entry No. 15 at 8). As the court has already discussed in its order denying remand, (Docket Entry No. 14 at 4), the *Howery* court explained that there was no record evidence of diversity when there were "no statements about the citizenship, place of incorporation, or principal place of business" of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001). In contrast, here the record before the pleading amendment did allege the citizenship of the defendants, including the LLCs. (Docket Entry No. 1 at 3). The original notice of removal explicitly alleged that this court had diversity jurisdiction. (*Id.*). These allegations are consistent with what *Howery* described as evidence of diversity, even if the allegations were insufficient. "§ 1653 'addresses . . . incorrect statements about jurisdiction that actually exists[.]'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929

3

F.3d 310, 314 (5th Cir. 2019) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)). When "there is *some* evidence that jurisdiction exists," that is "not conclusive . . . but there is some reason to believe that jurisdiction exists" the Fifth Circuit has held that amending the citizenship allegations in the relevant pleadings is appropriate. *Id*. at 315.

The record here was not devoid of "evidence of diversity," as Maverick now alleges. Because there was a basis to believe that diversity jurisdiction exists, allowing amendment of the notice of removal was appropriate. Maverick has identified no case law to suggest that amendment on this record unjustified. Because there is no difference of opinion on the controlling law, there is no basis for certifying this issue for interlocutory appeal.

### III. Conclusion

Maverick's motion to certify this case for an interlocutory appeal, (Docket Entry No. 15), is denied.

SIGNED on September 21, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge